ROBERT G. LIVING, RESPONDENT, *v.* ELLEN J. DOMETT, APPELLANT.

*Endowment policy of insurance issued to a wife upon the life of her husband — the assignment thereof by her was not prohibited by the provisions of chap. 80 of 1840, prior to its amendment by chap. 656 of 1866.*

APPEAL from a judgment in favor of the plaintiff, entered upon a trial at a Special Term.

This action was brought to determine which of the parties hereto is entitled to a sum of money paid into court on a policy of insurance in an action of interpleader, brought by the Mutual Life Insurance Company of New York against said parties. On the 29th of July, 1864, the Mutual Life Insurance Company issued to the defendant a policy of insurance on the life of her husband, Henry W. Domett, whereby it agreed to pay to the defendant, her executors, administrators or assigns the sum of $10,000 on the 29th of July, 1878, or in case he should die before that time, sixty days after notice and proof of death. This policy was issued on the application of the defendant, made by her husband as her agent, and the premiums thereon were paid by her husband in her name, but out of his own funds. On the 18th of May, 1872, the plaintiff loaned to the defendant the sum of $10,000, and received her promissory note therefor, and an assignment of said policy of insurance executed by her as security for the payment of said note. On the 29th of July, 1873, the plaintiff gave to the defendant, at her request, the said policy of insurance, to be exchanged for a paid-up policy. Such exchange was made, and the paid-up policy was issued in its place and delivered to the plaintiff. No part of the

note given by defendant has been paid. The husband of the defendant is still living, and they have had no children. The paid-up policy became due on the 29th of July, 1878, and the money due thereon, being the sum of $6,430, was claimed from the insurance company by both parties, and was afterwards paid into court by the company as above stated.

The court at General Term, after considering certain objections, said : " The case therefore wholly depends upon a single question of law, and that is whether the original policy issued to the defendant upon the life of her husband for her benefit was an assignable one.

" There is no doubt, as a general rule, that a policy of life insurance is assignable like any other chose in action. (*St. John* v. *American Mutual Life Ins. Co.,* 13 N. Y., 31 ; *Palmer* v. *Merrill,* 6 Cush., 282 ; *Ashley* v. *Ashley,* 3 Sim., 149 ; *Campbell* v. *Foster,* 35 N. Y., 361 ; *Field* v. *Mayor,* 6 id., 179.)   But in *Eadie* v. *Slimmon* (26 N. Y., 9) the Court of Appeals held that a policy of insurance taken out by the wife under the provisions of chapter 80 of the Laws of 1840, upon the life of her husband for the benefit of herself and her children, *payable after the death of her husband,* was not assignable by the wife on the ground that the act looked to a provision for the states of widowhood and orphanage, which would be defeated if the wife were permitted to assign such a policy.   The correctness of that decision has been greatly questioned in other States, and to some extent in this, but if erroneous the error has become inveterate by the subsequent cases in which it has been accepted and followed. (*Barry* v. *Equitable Life Ins. Co.,* 59 N. Y., 587 ; *Barry* v. *Brune,* 71 id., 261 ; *Wilson* v. *Lawrence,* 76 id., 585.)   These were all cases of policies upon the life of the assured, *payable after his death,* and the policies were all held to have been taken under the provisions of the act of 1840. . In the case at bar the policy was what is known as an endowment policy which was payable at a fixed period within the probable life of the husband, or contingently, upon his death before the expiration of the fixed period.   There were no children, and in the application for the policy the words " or children" were stricken out.   The policy therefore looked primarily not to a state of widowhood or orphanage but to a provision for a wife during the life of her husband, · and it was only contingently that it had any relation to the state of

widowhood. The decisions above cited do not therefore dispose of the question presented by this case, and the case cannot be justly said to be controlled by them. In 1866 (ch. 656), however, the act of 1840 was amended by the legislature so that its provisions should embrace policies payable at a definite period, whether before or after the death of the husband. And in *Brummer* v. *Cohn* * the Court of Appeals, since the argument of this cause before us, have decided that an endowment policy taken out after the act of 1866 had amended the act of 1840 is not assignable. That case would completely dispose of this if it were not for the fact that the policy in this case was issued in 1864, some two years prior to the passage of the act of 1866, and is not therefore affected by that statute. It stands altogether upon the construction to be given to the act of 1840 as applicable to this class of contracts, and there is no controlling decision which determines that question.

"As an original question our opinion is that the policy in this case was assignable at common law, and that nothing contained in the act of 1840 has taken away that incident of the contract. The precise language of the act upon which the Court of Appeals based its decision in *Eadie* v. *Slimmons* (*supra*) is not descriptive of such a policy as that issued in this case, nor is it essential to the protection of the state of widowhood or orphanage that the act should be strained to cover the case."

*Joseph H. Choate*, for the appellant.

*T. Thacher*, for the respondent.

Opinion by DAVIS, P. J.; BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.